IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

|  |  |  |
|---|---|---|
| JASON WISENBAKER and, ELIZABETH WISENBAKER | ) ) | |
| Plaintiffs, | ) ) ) | CASE NO: |
| v. | ) ) | 7:25-cv-00158-WLS |
| AUTO-OWNERS INSURNACE COMPANY, | ) ) ) ) | |
| Defendant. | ) ) | |

## AGREED CONFIDENTIALITY AND PROTECTIVE ORDER

By agreement of the Parties, Plaintiffs Jason Wisenbaker and Elizabeth Wisenbaker (collectively hereinafter "Plaintiffs") and Defendant Auto-Owners Insurance Company (hereinafter "Auto-Owners" and collectively "the Parties") hereby submit this Agreed Confidentiality and Protective Order and state as follows:

## STIPULATED PROTECTIVE ORDER

A.  Auto-Owners possesses certain information and documents that contain confidential, proprietary, or trade secret information that may be subject to discovery in this action, but that should not be made publicly available.

A.  The Parties therefore request that the Court enter the following Protective Order to properly balance the discovery rights of the Plaintiffs with Auto-Owners' rights to protect its private, confidential, proprietary, or trade secret information.

The Court hereby **ORDERS**:

1.    All production and disclosure of information designated as CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER by Auto-Owners during this litigation shall be governed by this Order (collectively, "information").

2.    Information subject to this Protective Order shall be designated CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER by Auto-Owners by stamping "CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER" on the face of a single-page document, on every page of a multi-page document, and in a prominent location on the exterior of any tangible object. Every page of every single document, whether physical or electronic, that is produced should be designated as confidential in a manner that will not interfere with the document's legibility. Information that should be included in the designation includes the case name, the court, the docket number, and the phrase 'confidential and subject to protective order'. If the documents being produced are in electronic format, the designation should be in the form of a large watermark that is placed diagonally across the document and the document should be rendered non-editable.

3.    With respect to deposition testimony, Auto-Owners may, either on the record at the deposition or by written notice to counsel for Plaintiffs no later than twenty (20) days after receipt of the transcript of said deposition, designate portions of testimony as CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER. All

testimony, regardless of whether designated as CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER on the record, shall be treated as CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER until thirty (30) days after receipt of the transcript of said deposition by all parties. Certain depositions may, in their entirety, be designated CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER prior to being taken because of the anticipated testimony. **Furthermore, any document designated as CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER shall maintain that designation and the protections afforded thereto if introduced or discussed during a deposition**. Designation as Confidential does not and will not prohibit a document from being marked as an exhibit to the deposition and shown to and discussed with the deponent.

4.     The inadvertent or unintentional disclosure by Auto-Owners of information considered to be CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER shall not be deemed a waiver in whole or in part of Auto-Owners' claim of protection pursuant to this Protective Order, either as to the specific information disclosed or as to any other information relating thereto. Any such inadvertently or unintentionally disclosed information shall be designated as CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER as soon as reasonably practicable after either party becomes aware of the erroneous disclosure and shall thereafter be treated as such by all receiving persons absent re-designation

pursuant to Court order. Upon receipt of the properly designated documents, the recipient must return or destroy the non-designated set within three (3) days. If the recipient destroys the documents, then the recipient must provide written certification of the destruction to the producer of the information within three (3) days of receipt of the properly designated documents. In addition, the production or disclosure by Auto-Owners of an attorney-client privileged, attorney work product, or other protected document or information, whether inadvertent or otherwise, shall not be deemed a waiver of the privilege, work product, or other protection or immunity from discovery by Auto-Owners in this or any subsequent state or federal proceeding pursuant to O.C.G.A. § 24-5-502 regardless of the circumstances of disclosure. If any party becomes aware of the production or disclosure of such protected information by Auto-Owners, that party shall provide written notice of such production or disclosure within three (3) days after it becomes aware that protected information has been disclosed or produced.

5.    When information which is CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER is presented, quoted, or referenced in any deposition, hearing, trial, or other proceeding, counsel for the offering party shall make arrangements or, when appropriate, request the Court to make arrangements, to ensure that only persons entitled to such information pursuant to Paragraph 8 are present during such presentation, quotation, or reference.    To the extent trial

testimony of any Company associate that includes sensitive corporate information or trade secrets is subject to the protective order, this Order grants the Company the authority to seal the trial transcript to bar dissemination of such trial testimony, but that the Company must exercise this power within 30 days of the jury verdict or bench order or its right to seal the trial transcript is waived. The Parties note that prior to sealing portions of a trial transcript, the Court shall determine what parts of said trial transcript may be properly sealed. The party or parties desiring to seal a portion of the trial transcript, or other matters or documents, shall file a motion at the appropriate time, specifying the particular portions of the transcript, matter, or document they request be sealed and providing good cause in support of the motion.

6.     Subject to the requirements of Paragraph 10 of this Agreement, no person receiving information designated as CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER shall disclose it or its contents to any person other than those described in Paragraph 8 below; no such disclosure shall be made for any purposes other than those specified in that paragraph; and in no event shall such person make any other use of such information. Counsel shall be responsible for obtaining prior written agreement to be bound to the terms of this Agreement from all persons to whom any information so designated is disclosed, and shall be responsible for maintaining a list of all persons to whom any information so designated is disclosed and, for good cause shown, such list shall be available for

inspection by counsel for Auto-Owners upon order of the Court; provided, however, that the requirements of this sentence shall not apply to disclosures made pursuant to Paragraph 8(h) and/or Paragraph 10 of this Protective Order.

7.    Except as agreed by Auto-Owners, ordered by the Court, or as otherwise provided herein, including in Paragraph 8(h) and Paragraph 10 of this Protective Order, information designated as CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER shall (1) only be used in the preparation for trial and/or any appeal of this Action and (2) be maintained in confidence by the party(ies) to whom it is produced and not disclosed by such party(ies) except to persons entitled to access thereto pursuant to Paragraph 8 below. Except as provided in Paragraphs 8(h), 8(g), 8(k), and 10 of this Protective Order, information which is CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER may not be used by any person receiving such material for any business or competitive purpose or for use in matters other than this lawsuit, including other matters involving Auto-Owners.

8.    Information designated as CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER by Auto-Owners shall be disclosed only to the following persons:

(a)    attorneys actively working on or supervising the work on this case;

(b)    persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c)    the parties, including designated representatives and counsel for the entity Defendant;

(d)    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case and the expert or consultant has signed a written acknowledgement attached as Exhibit A;

(e)    the Court and its employees ("Court Personnel");

(f)    stenographic and video reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g)    deponents, witnesses, or potential witnesses, who have first-hand knowledge of the document and have signed a written acknowledgment attached as Exhibit A;

(h)    the Georgia Division of Insurance, law enforcement officers, and/or other government agencies, as permitted or required by applicable state and federal law;

(i)    a jury involved in litigation concerning the claims and any defenses to any claims in this lawsuit;

(j)     anyone as otherwise required by law;

(k)     as authorized by the parties specifically; and

(l)     other persons by written agreement of the parties when the person has signed a written acknowledgement attached as Exhibit A.

9.      Subject to Paragraph 10 of this Protective Order, the recipient of any information designated CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER pursuant to this Agreement shall maintain information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, and use of all such information.

10.     Nothing in this Protective Order disallows Auto-Owners' maintenance or use of information and documents in or pursuant to: its electronic claim system; the privacy requirements of the Georgia Division of Insurance and other applicable state and federal laws; the records retention requirements of the Georgia Division of Insurance, the Georgia Rules of Professional Conduct, or other applicable state and federal laws; the records retention practices of Auto-Owners; and any written Court Order. Further, nothing in this Protective Order disallows reporting of information by Auto-Owners as permitted and/or required by applicable state and federal law, including reporting to the Insurance Services Office, Inc.

11.     Plaintiffs may, at any time during the pendency of this lawsuit, request from Auto-Owners, in writing, the release of information designated as

-8-

CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER from the requirements of the terms and provisions of this Protective Order. Upon receipt of such request, counsel for Auto-Owners and counsel for Plaintiffs shall attempt to meet and confer. If the parties are unable to agree as to whether the information at issue is properly designated CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER, any party may raise the issue of such designation with the Court pursuant to the Court's Practice Standards. Any information submitted to the Court for review shall be submitted under seal and for in camera review. Pending a ruling from the Court, Auto-Owners' designation shall control.

12.     Nothing in this Protective Order shall preclude any party from responding to a validly issued subpoena, provided, however, that the party responding to the subpoena shall provide written notice of such subpoena to the attorney of the party that originally produced the documents within ten (10) days of receipt of a subpoena, which seeks production or disclosure of the information which is designated CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER. Production or disclosure of information which is designated CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER may not occur until the deadline set forth in a validly issued subpoena, absent agreement of the parties.

13.     Nothing in this Protective Order shall be construed as a limitation on the use of evidence in a submission to the Court or at trial, subject to such

confidentiality provisions as may be ordered by the Court. However, prior to utilizing or filing a document which is designated CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER, Plaintiffs must provide notice to Auto-Owners of its intentions. Auto-Owners may then request that the document be filed with restricted access or under seal. Furthermore, any party shall have the right to request that any hearing or portions thereof be conducted in camera. The Court shall retain jurisdiction to modify the terms of this Protective Order.

14.    The obligations of this Protective Order shall survive the termination of this action and continue to bind the parties and their counsel. The Court will have continuing jurisdiction to enforce this Protective Order irrespective of the manner in which this action is terminated.

15.    Within ninety (90) days of the final determination of this action, each person or party who has received information designated CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER shall be obligated to return the same to Auto-Owners, including any copies, or to destroy such information and certify that it has been destroyed; subject to the legal requirements for maintenance and destruction of client files by the parties' counsel. At the conclusion of the case, within 90 days, all documents and copies thereof that have been designated as confidential shall be returned to Auto-Owners, or the parties may elect to destroy confidential documents.

If the parties agree to destroy confidential documents, the destroying party shall provide all parties with an affidavit confirming destruction.

16.   This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

17.   Nothing in this Protective Order shall prohibit any party from filing a motion seeking further or different protection from the Court, or from filing a motion with respect to the manner in which the information designated CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER shall be treated at trial.

18.   Any party wishing to use any CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER information or document in any brief, memorandum, motion, affidavit, or other paper filed with the Court shall file the document under seal in the Court's E-filing system.

**SO ORDERED** this 5th day of April, 2026.

W. LOUIS SANDS, SR. JUDGE
UNITED STATES DISTRICT
COURT

-11-

-12-

SWIFT, CURRIE, McGHEE &
HIERS, LLP

*/s/ Jessica M. Phillips*
Jessica M. Phillips
Georgia Bar No. 922902
Steven Ross Crowell
Georgia Bar No. 667698
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309
Jessica.phillips@swiftcurrie.com
Ross.crowell@swiftcurrie.com
***Counsel for Defendant***

## EXHIBIT A

## CONFIDENTIALITY AGREEMENT

I,_____, acknowledge that I may receive information designated as "CONFIDENTIAL" by the party producing that information in discovery in the following action: *Jason Wisenbaker and Elizabeth Wisenbaker v. Auto-Owners Insurance Company*, United States District Court for the Middle District of Georgia, Valdosta Division, Civil Action File No. 7:25-cv-00158-WLS (the "Action").

I certify my understanding that if I receive this information, it will be provided to me pursuant to the terms and restrictions of the attached Agreed Confidentiality and Protective Order entered on _____, 2026, in this Action (the "Order"). I further certify that I have been given a copy of and have read the terms of that Order and agree to be bound by its terms.

I understand that all documentary material which I receive containing information designated as "CONFIDENTIAL" and all working copies, computer data storage, digests, or abstracts prepared from this material, are to remain in my personal custody until I have completed my assigned duties, if any, whereupon all such material and all notes made by me containing any of this confidential information are to be returned to the party or counsel who provided the confidential information to me.

I agree that the confidential information I receive will not be disclosed to anyone else and that this information will not be used for any purpose other than preparation for and trial or appeal of the Action.

I understand that any violation of this Order may subject me to sanctions by the Court. I further agree and submit myself to the jurisdiction of the Court for all matters concerning enforcement or violation of the Order.

Signed this _____ day of _____, 2026.

Signed: _____

Print name: _____

Address: _____